UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GAIL SANDLE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 cv 4157 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| WAL-MART STORES, INC., d/b/a SAM'S CLUB Store Number 6349, a foreign corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons discussed herein, Defendant's Motion for Summary Judgment [36] is denied. A status conference is set for June 5, 2017 at 9:30 a.m. to set a trial schedule.

### I. Factual Background

Plaintiff Gail Sandle ("Plaintiff") brings this cause of action for negligence against Defendant Sam's West, Inc.[1] ("Defendant" or "Sam's Club"), alleging that Plaintiff slipped and fell on liquid that Defendant had allowed to remain on the floor in the café area of Defendant's Sam's Club Store located in Evergreen Park, Illinois.[2]  (Dkt. 39 at ¶¶ 5-6, 9.)  According to Plaintiff, she was shopping with her friend, Vanessa Anderson ("Anderson"), on February 1, 2014; after checking out, Plaintiff went to the café area, and slipped and fell on the floor while attempting to sit down on a bench in the café area.  (Dkt. 39 at ¶¶ 10-12.)  Plaintiff testified that she could not identify any liquid, food, or other substance that caused her to fall; she did not know how long the substance she claims caused her to slip had been on the floor; she did not know if anyone of Defendant's employees knew that the area where she fell was slippery; she

---

[1] Although the caption names the Defendant as "Wal-Mart Store, Inc. d/b/a Sam's Club Store Number 6349," Defendant asserts that the proper party is "Sam's West, Inc."  (Dkt. 39.)
[2] The facts in this section are drawn from the portions of Defendant's Statement of Undisputed Material Facts that were admitted by Plaintiff in Plaintiff's response.

did not know if any of Defendant's employees had caused the relevant area to be slippery. (Dkt. 39 at ¶¶ 15, 19-20, 22.)

Anderson was also deposed in this case. Anderson testified that she saw Plaintiff's fall, and noticed after the fall that the floor was wet. (Dkt. 39 at ¶¶ 31-32.) She described the wet area as a puddle about one foot long and several inches wide. (Dkt. 39 at ¶ 35.) After she noticed the puddle, Anderson found a store employee, who told Anderson that the area had "just been mopped," but Anderson was unsure how long it had been since the area had been mopped. (Dkt. 39 at ¶¶ 34, 37; Dkt 38-4 at 22:5-8.)

Defendant also appended video surveillance footage of the incident to the instant motion, which the Court reviewed. (Dkt. 38, Ex. H.) The video begins at approximately 12:36 p.m.; Plaintiff's fall occurs at approximately 1:31 p.m. (Dkt. 39 at ¶¶ 55, 62-63.) There does not appear to be anyone mopping in the area where Plaintiff falls during the time period between when the video begins and when Plaintiff falls.[3] When Plaintiff falls, there is no visible puddle or wet area on the floor on the surveillance video. (Dkt. 39 at ¶65.) However, there are two occasions where a Sam's Club employee mops the café area after Plaintiff's fall (at 1:40 p.m. and 2:13 p.m.). (Dkt. 39 at ¶¶ 66, 69.) The Court notes that no visible puddles or wet spots were visible after either of these two occasions. In other words, it is unclear whether any puddle or wet spot left by mopping would be visible on the surveillance video at all.

Plaintiff filed this suit in the Circuit Court of Cook County, Illinois; Defendant removed the case to federal court based on diversity jurisdiction. (Dkt. 1.) Defendant filed the instant motion for summary judgment. The motion is fully briefed and ripe for disposition.

## II. Standard of Review

Summary judgment is proper where "the pleadings, depositions, answers to

---

[3] An employee sweeps with a dustpan and broom at approximately 12:56 p.m.. (Dkt. 39 at ¶ 57.)

2

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette Indiana*, 359 F.3d 925, 928 (7th Cir. 2004). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *See Cellotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Cellotex,* 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 252.

## III.  Discussion

The Court holds that the Plaintiff has produced sufficient evidence to create a genuine issue of material fact regarding Defendant's liability for her slip and fall. Under Illinois law,[4] to prevail on a claim based on premises liability, the Plaintiff must prove: (1) there was a condition on the premises that presented an unreasonable risk of harm to people on the property; (2) the defendant knew (*i.e.* had actual notice) or in the exercise of reasonable care should have known (*i.e.*, had constructive notice) of both the condition and the risk; (3) the defendant could reasonably expect people on the property would not discover the danger or would fail to protect

---

[4] In this diversity case, we apply Illinois common law. *See McCarthy v. Target Corp.*, 2012 WL 967853, at *3 (N.D. Ill. Mar. 19, 2012) (citing *Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001)).

themselves against such danger; (4) the defendant was negligent in one or more ways (*e.g.*, failing to warn of the risk); (5) the plaintiff was injured; and (6) the defendant's negligence proximately caused the Plaintiff's injury. *McCarthy v. Target Corp.*, 2012 WL 967853, at *3 (N.D. Ill. Mar. 19, 2012). Defendant argues that summary judgment is appropriate because Plaintiff has failed to create a genuine issue of material fact to support evidence of: (1) a dangerous condition; (2) Defendant's responsibility for the creation of any dangerous condition that may have existed; (3) actual or constructive notice of any dangerous condition. For the reasons discussed below, the Court rejects these arguments and denies Defendant's motion for summary judgment.

First, Defendant asserts that "Plaintiff has failed to present credible evidence of any substance on the floor that caused her fall." (Dkt. 38 at 6.) This is untrue. As noted above, Anderson testified that she noticed a puddle about one foot long in the area where Plaintiff fell. (Dkt. 39 at ¶ 35.) To combat this evidence, Defendant points out that the surveillance video does not show any "spill, substance or object on the floor in the area of Plaintiff's fall." (Dkt. 38 at 7.) Although this is true, it is also true that the video depicts a Sam's Club employee mopping the café area twice after Plaintiffs fall, and that no visible wet spot is left behind on surveillance video. A reasonable factfinder could infer that any spill might not be visible on the surveillance video and that Anderson's testimony was truthful. Similarly, Defendant notes that the video "does not depict anyone mopping the café area before or immediately following the fall." (Dkt. 38 at 7.) This is also true, but likewise does not preclude a reasonable fact finder from concluding that a dangerous condition existed at the time of Plaintiff's fall. Although the video begins approximately one hour before Plaintiff's fall, a reasonable juror could infer that the area

was mopped shortly before the video began and had not fully dried before Plaintiff fell.[5] Finally, the fact that several individuals walked in the same area before and after Plaintiff's fall does not definitively prove that no dangerous conditions existed. Simply because other people were not affected by the condition does not mean that the dangerous condition did not exist. The first person to encounter a dangerous condition does not need to be injured by that condition for a reasonable fact finder to conclude that it existed.

Ultimately, Defendant seems to take issue with the credibility of Anderson's version of events. Of course, in this procedural posture, the Court is not required to make credibility determinations, and Anderson's testimony is sufficient to create a genuine issue of material fact regarding the existence of a wet area (*i.e.*, a dangerous condition) where Plaintiff fell. While the Court recognizes that the fact finder would need to make several adverse inferences against Defendant to reach the conclusion that a dangerous condition existed at the time of Plaintiff's fall, and that Plaintiff may have a very difficult time persuading a jury that all of those conditions are met, the Court cannot find that summary judgment is appropriate on the record before it.

Second, Defendant contends that Plaintiff has not provided any evidence that Defendant created the condition that caused her fall. As noted above, Anderson testified that a Sam's Club employee told Anderson that the area had been mopped recently, but Anderson was unsure how long it had been since the area had been mopped. Defendants again argues that "Anderson's testimony regarding what she was allegedly told by an employee is contradicted by objective, undisputed video evidence, and therefore cannot be used to defeat a motion for summary judgment." To the contrary; Defendant's argument has highlighted the quintessential example of a genuine issue of material fact that defeats a motion for summary judgment. One party's evidence (Anderson's testimony) suggests that the area was mopped, and the other party's

---

[5] This inference would be bolstered by Anderson's testimony that a Sam's Club employee told her that the area had been mopped before Plaintiff fell.

evidence (Defendant's surveillance video) suggests that the area was dry.[6] What Defendant actually seeks is for this Court to credit its evidence over the evidence proffered by Plaintiff – in other words, for the Court to make a credibility determination. Again, that is not the Court's duty at the summary judgment stage. Plaintiff has provided evidence that creates a genuine issue of material of fact regarding whether Defendant's employee mopped the café area, leaving a wet area that caused Plaintiff to slip and fall. This is sufficient to defeat Defendant's motion for summary judgment.[7]

Finally, Defendant argues that Plaintiff has failed to present evidence that Defendant had actual notice of the dangerous condition.[8] As noted above, Anderson testified that a Sam's Club employee told her that the café area had been mopped. If the employee was aware that the area had been mopped, that employee – and by extension, Defendant – had actual knowledge of the dangerous condition that Plaintiff alleges caused her fall (*i.e.*, the wet area that would be the obvious and natural result of such mopping). This testimony creates a genuine issue of material fact regarding actual notice, and the Court denies Defendant's motion for summary judgment on this issue as well.

## IV. Conclusion

For the reasons discussed above, Defendant's Motion for Summary Judgment [36] is denied. A status conference is set for June 5, 2017 at 9:30 a.m. to set a trial schedule.

---

[6] The Court notes that the surveillance footage only shows, at best, that the area was not mopped in the hour preceding Plaintiff's fall. As noted above, a reasonable juror could infer that the area was mopped shortly before the video commences, and that the area remained wet until the time Plaintiff fell.

[7] Defendant also makes an oblique reference to the admissibility of Anderson's testimony. (*See* Dkt. 38 at 8.) To the extent that Defendant cites *Haywood v. Lucent Technologies*, 323 F.3d 524, 533 (7th Cir. 2003), to argue that Anderson's testimony regarding the Sam's Club's employee's statements is hearsay, the Court believes that those statements would be a party admission under Federal Rule of Evidence 802(d)(2)(D), and, therefore, not hearsay.

[8] Because the Court finds that there is a genuine issue of material fact regarding actual notice, the Court need not reach the Defendant's arguments regarding constructive notice.

**ENTERED: 5/30/17**

_____
**U.S. Magistrate Judge, Susan E. Cox**